**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| GBEKE MICHAEL AWALA and people of American States,     Plaintiffs,    v.  STATE OF N.J. DEP'T OF CORRECTIONS, et al.,     Defendants. | Hon. Jerome B. Simandle  Civil No. 05-3036 (JBS)  OPINION |

**APPEARANCES:**

    GBEKE MICHAEL AWALA, #31888
    Salem County Correctional Facility
    125 Cemetery Road
    Salem, New Jersey  08098
    Plaintiff Pro Se

**SIMANDLE**, District Judge

Plaintiff Gbeke Michael Awala, an inmate at Salem County Correctional Facility, seeks to bring this action on behalf of himself and the people of American States.  The Court grants Plaintiff's application to proceed in forma pauperis.  See 28 U.S.C. § 1915(a).  Having thoroughly reviewed Plaintiff's allegations to identify cognizable claims, the Court dismisses the Complaint.

**I.  BACKGROUND**

Plaintiff seeks damages from the Boeing Company and the Bombardier Company for violation of his constitutional and

statutory rights.  He asserts that Defendants failed to conduct an initial investigation of icing on the wing of an aircraft with a hardwing design and operated an aircraft contrary to the requirements of the Federal Aviation Administration.  He alleges that he is therefore afraid to fly.  Attached to the Complaint is a copy of an undated newspaper article regarding an accident involving a business jet which ran off a runway while attempting to take off from Teterboro Airport in New Jersey.  The article indicates that icing may have prevented the plane's wings from achieving lift during below-freezing temperatures.  Citing various sections of the United States Constitution and Code, Plaintiff seeks damages.

## II.   LEGAL STANDARD

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires the Court, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a plaintiff is proceeding in forma pauperis.  See 28 U.S.C. § 1915(e)(2)(B).  The Court is required to identify cognizable claims and to dismiss any claim which is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Id.

A pro se complaint is held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios." Neitzke v. Williams, 490 U.S. 319, 328 (1989); see also Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990). Given the Federal Rules' simplified standard for pleading, a court may dismiss a complaint for failure to state a claim "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Swierkiewicz v. Soreman, 534 U.S. 506, 514 (2002) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)); see also Haines, 404 U.S. at 520 (pro se complaint may be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief").

### III.  DISCUSSION

Plaintiff seeks damages for himself and others for alleged safety shortcomings regarding airplanes at Teterboro Airport.

"[B]efore a federal court can consider the merits of a legal claim, the person seeking to invoke the jurisdiction of the court must establish the requisite standing to sue." Whitmore v. Arkansas, 495 U.S. 149, 154 (1990). Article III of the Constitution limits the judicial power of federal courts to

"cases or controversies" between parties.  U.S. CONST. art. III, § 2.  "[T]he standing question is whether the plaintiff has 'alleged such a personal stake in the outcome of the controversy' as to warrant his invocation of federal-court jurisdiction and to justify exercise of the court's remedial powers on his behalf." Warth v. Seldin, 422 U.S. 490, 498-9 (1975) (quoting Baker v. Carr, 369 U.S. 186, 204 (1962)).

Standing is a constitutional principle that prevents federal courts from undertaking tasks assigned to the executive or legislative branches of government.  See Lewis v. Casey, 518 U.S. 343, 349 (1996).  As the Supreme Court observed:

> It is the role of courts to provide relief to claimants, in individual or class actions, who have suffered, or will imminently suffer, actual harm; it is not the role of courts, but that of the political branches, to shape the institutions of government in such fashion as to comply with the laws and the Constitution. . . .  But the distinction between the two roles would be obliterated if, to invoke intervention of the courts, no actual or imminent harm were needed, but merely the status of being subject to a governmental institution that was not organized or managed properly.

Id.

To satisfy Article III's standing requirements, "a plaintiff must show (1) [he] has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely,

4

as opposed to merely speculative, that the injury will be redressed by a favorable decision." <u>Friends of the Earth Inc. v. Laidlaw Environmental Services (TOC), Inc.</u>, 120 S. Ct. 693, 704 (2000).  To establish an "injury in fact", a plaintiff must show that he has "sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct and the injury or threat of injury must be both 'real and immediate,' not 'conjectural' or 'hypothetical.'" <u>City of Los Angeles v. Lyons</u>, 461 U.S. 95 101-2 (1983) (citations and internal quotation marks omitted).

    The plaintiff bears the burden of establishing standing. <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 561 (1992).  The plaintiff must "clearly and specifically set forth facts sufficient to satisfy these Art. III standing requirements" in the Complaint, insofar as a federal court "is powerless to create its own jurisdiction by embellishing otherwise deficient allegations of standing."  <u>Whitmore</u>, 495 U.S. at 155-6.  In determining standing, the Court must consider "the specific . . . constitutional claims that a party presents" and examine "a complaint's allegations to ascertain whether the particular plaintiff is entitled to an adjudication of the particular claims asserted."  <u>International Primate Protection League v. Administrators of the Tulane Ed. Fund</u>, 500 U.S. 72, 77 (1991).

The case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate. Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990). "This means that, throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Spencer v. Kemna, 523 U.S. 1, 7 (1998) (citation and internal quotation marks omitted).

In this case, Plaintiff seeks damages for alleged aviation safety violations regarding the take-off of an airplane from Teterboro Airport. However, Plaintiff does not indicate that he was on the airplane that skidded off the runway or that he was affected in any way by the accident, except that he is afraid to fly. As the Supreme Court explained,

> Federal courts must hesitate before resolving a controversy, even one within their constitutional power to resolve, on the basis of the rights of third persons not parties to the litigation. The reasons are two. First, the courts should not adjudicate such rights unnecessarily, and it may be that in fact the holders of those rights either do not wish to assert them, or will be able to enjoy them regardless of whether the in-court litigant is successful or not. See Ashwander v. TVA, 297 U.S. 288, 345-348, 56 S.Ct. 466, 482-83, 80 L.Ed. 688 (1936) (Brandeis, J., concurring) (offering the standing requirement as one means by which courts avoid unnecessary constitutional adjudications). Second, third parties themselves usually will be the best proponents of their own rights.

Singleton v. Wulff, 428 U.S. 106, 113-14 (1976).

Because Plaintiff suffered no injury in fact as a result of the alleged safety violations, he lacks standing to bring this suit. Accordingly, the Court will dismiss the Complaint without prejudice because Plaintiff lacks standing.

### IV.   CONCLUSION

For the reasons set forth above, the Court grants Plaintiff's application to file the Complaint in forma pauperis and dismisses the Complaint without prejudice for want of standing.

The Court will enter an appropriate Order.

                                **s/** *Jerome B. Simandle*
                                JEROME B. SIMANDLE, U.S.D.J.

Dated:     June 24     , **2005**